SILVER SPRINGS HUNTING CLUB *v.* SCHULTZ

1. OFFICERS—TOWNSHIP—HIGHWAY COMMISSIONER.

   The office of township highway commissioner does not exist; the office has been omitted from the constitution of 1963 as a constitutional office and not revived by statute (Const 1963, art 7, § 18; MCLA § 41.95, 168.341).

2. CONSTITUTIONAL LAW—OFFICERS—TOWNSHIP HIGHWAY COMMISSIONER—CONDEMNATION—PRIVATE ROADS.

   Constitutionality of statute allowing a township highway commissioner to conduct a quasi-judicial hearing into the taking of public property for a private road need not be decided because the office of township highway commissioner has ceased to exist (Const 1963, art 7, § 18).

Appeal from Alpena, Philip J. Glennie, J. Submitted Division 3 December 11, 1970, at Grand Rapids. (Docket No. 9633.) Decided January 28, 1971.

Complaint by Silver Springs Hunting Club against S. Raymond Schultz for an injunction to prevent establishment of a road on plaintiff's property. Relief denied. Plaintiff appeals. Reversed and remanded.

*Cline & Cline,* for plaintiff.

*Gillard, Meden & Gillard,* for defendant.

Before: FITZGERALD, P. J., and QUINN and McINTYRE,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  43 Am Jur, Public Officers §§ 34, 190, 191.
[2]  43 Am Jur, Public Officers §§ 35, 248.

Per Curiam. On July 29, 1969, petitioners, owners of landlocked property, formally notified defendant S. Raymond Schultz, purported township highway commissioner, of their application to lay out a private road in accordance with MCLA § 229.1 (Stat Ann 1958 Rev § 9.281).[1] Defendant summoned a jury and scheduled a hearing of necessity and damage pursuant to that statute.

Plaintiff is the owner of the land subject to the proposed road. The complaint seeks injunctive relief restraining the defendant from proceeding to establish the road.

The case was submitted on briefs and the trial judge determined that the township highway commissioner had power to act and denied an injunction restraining the taking.

On appeal, the same issues that were presented to the trial court again appear. Plaintiff contends that defendant Schultz cannot institute these proceedings because the office of township highway commissioner has been abolished by the Michigan Constitution of 1963. The second issue challenges the constitutionality of MCLA § 229.1 (Stat Ann 1958 Rev § 9.281).

Michigan Const 1908, art 8, § 18, provided for the election of a township Commissioner of Highways as one of the constitutional officers of a township. Michigan Const 1963, art 7, § 18, provides for the

---

[1] Sec. 1. Whenever application shall be made to the commissioner of highways of any township for a private road, he shall give notice in writing to the owner or occupant of the land over which the road is proposed to be laid out, to meet on a day and at a place certain, which shall not be more than 10 nor less than 5 days from the time of service of such notice, for the purpose of aiding in the striking of a jury to determine as to the necessity of such road; and if the land over which it is proposed to lay such road be non-resident and the owner thereof does not reside in the county, such notice shall be served in the same manner as is provided in case of bearing [hearing] on laying out public roads, and proof of such service or posting shall be made in like manner.

election of township officers and pointedly omits the former office of highway commissioner. It is argued by the defendant appellee that Michigan Const 1963, art 7, § 17, providing, "Each organized township shall be a body corporate with the powers and immunities provided by law", is an omnibus provision granting corporate powers and allowing the legislature to create other offices and officers who are to perform township functions.

This may be so. However, the legislature has not seen fit to revive the office of township highway commissioner. In fact, MCLA § 41.95 (Stat Ann 1961 Rev § 5.82), providing for the compensation of township officers, was amended by PA 1966, No 94, to omit the office of township highway commissioner, and MCLA § 168.341 (Stat Ann 1956 Rev § 6.1341), setting forth the elective township officers, was amended by PA 1966, No 44, to omit a township highway commissioner as an elective office. The constitutional elimination of the township highway commissioner must have been considered by the legislature at that time and had it desired to grant powers to townships to create such an office under the broad powers provided by Const 1963, art 7, § 17, they could have done so.

Despite the conclusion of the trial judge in holding that the defendant was a duly elected township official, we conclude that the office does not exist.

Without deciding the constitutionality of MCLA § 229.1 (Stat Ann 1958 Rev § 9.281) providing for the taking of public property for private roads, there just does not exist a person who can exercise the quasi-judicial function provided in that provision of the statute.

Reversed and remanded for entry of the injunctive judgment prayed for. Costs to plaintiff, taxable to the petitioners.